UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KING OCEAN SERVICES LIMITED** | § § | |
| V. | § § | CIVIL ACTION NO. |
| **114 Packages of GRP Pipes and Fittings (978,000.00 Kgs) and 1 Package/STC Work Box (.907 Kgs), THOMPSON PIPE GROUP, INC. and COLFLETAR** | § § § § § § § | ADMIRALTY – FED. R. CIV. P. 9(h) |

**VERIFIED COMPLAINT INCLUDING REQUEST FOR ARREST OF CARGO PURSANT TO RULE C AND ATTACHMENT OF CARGO PURSUANT TO RULE B**

NOW INTO COURT, through undersigned counsel, comes Plaintiff King Ocean Services Limited ("KOSL") and for its Verified Complaint against 114 Packages of GRP Pipes and Fittings (978,000.00 Kgs) and 1 Package STC/Work Box (0.907 Kgs) (the "Cargo"), *in rem*, and Thompson Pipe Group, Inc. ("Thompson Pipe") and Colfletar (collectively with Thompson Pipe, "Defendants"), avers on information and belief as follows:

**JURISDICTION**

1.

This is an admiralty and maritime claim within the jurisdiction of the United States and this Honorable Court pursuant to 28 U.S.C. §1333, and within the meaning of Rule 9(h), and Rules B, C and E of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions in an action for contracts of carriage.

2.

Venue is proper in this matter pursuant to 33 U.S.C. §1391(b)(2), as Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims; however, on information and belief, assets of Defendants are or

will be within the pendency of this suit within this District, to-wit: 114 Packages of GRP Pipes and Fittings (978,000.00 Kgs) and 1 Package STC/Work Box (0.907 Kgs).

## IDENTITY OF PARTIES

3.

Plaintiff KOSL is a foreign corporation organized under the laws of the Cayman Islands with its principal place of business in Florida.  KOSL is engaged in the business of facilitating the shipments of cargo on ocean-going vessels.

4.

Defendant 114 Packages of GRP Pipes and Fittings (978,000.00 Kgs) and 1 Package STC/Work Box (0.907 Kgs) is currently within the jurisdiction of the Court and located at the Watco Greens Port Terminals, 14035 Industrial Rd, Houston, TX 77015.

5.

At all material times, Defendant Thompson Pipe Group, Inc., on information and belief, is a domestic entity incorporated under the laws of the State of California with its principal place of business in California.

6.

At all material times, Defendant Colfletar, on information and belief, is a foreign entity organized under the laws of Columbia with its principal place of business in Columbia.

7.

Upon information and belief, Defendant 114 Packages of GRP Pipes and Fittings (978,000.00 Kgs) and 1 Package STC/Work Box (0.907 Kgs) and/or certain subfreights are now, and/or will be during the pendency of process herein within this District and therefore within the

jurisdiction of this Honorable Court and subject to process *in rem* pursuant to Rules B and C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Proceeding.

8.

KOSL further avers that Defendants are not found within this District and without a valid agent for service of process in this District; however; on information and belief, Defendants and/or their related, affiliated or alter ego companies have property, goods, chattels, or credits and effects that will be during the pendency of this litigation found within the jurisdiction of this Honorable Court and subject to non-resident attachment, to-wit: 114 Packages of GRP Pipes and Fittings (978,000.00 Kgs) and 1 Package STC/Work Box (0.907 Kgs). Plaintiff therefore requests process attaching the Cargo and other property of Defendants pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims.

**PLAINTIFF'S CLAIM**
**BREACHES OF CONTRACTS OF CARRIAGE**

9.

Colfletar, on behalf of Thompson Pipe, entered into a Booking Note contract of carriage with KOSL.  A copy of Booking Note No. 151 is attached as <u>Exhibit 1</u>.[1]  The Booking Note was dated November 4, 2022, and listed Colfletar as the Agent and Merchant and KOSL as the Carrier.  *Id.*  The Freight Rate was $650,000 and the liner terms were "Hook to Hook."  *Id.*  The demurrage rate was $17,500.  *Id.*

10.

Pursuant to Paragraph 1 of the Booking Note: "Merchant includes the shipper, holder of this bill of lading, consignee, receiver of the Goods, any person owning or entitled to the possession of the Goods or this bill of lading."  *Id.*  "'Goods' means the whole or any part of the

---

[1] Thompson Pipe is identified within this and other exhibits as "Thompson Pipe Group Pressure, Inc.", which after reasonable investigation, KOSL believes is a D/B/A.

3

cargo described on the face of this bill of lading and any packaging accepted from the shipper and includes any Container not supplied by or on behalf of the Carrier." *Id.* "'Carrier' means King Ocean Services Limited, Inc. on whose behalf this bill of lading has been issued." *Id.*

11.

Pursuant to Paragraph 6 of the Booking Note: "For all service rendered as herein provided, Carrier shall be entitled to reasonable extra compensation and shall have a lien on the Goods." *Id.*

12.

Pursuant to Paragraph 15 of the Booking Note: "Freight and other charges shall be payable as set forth in Carrier's tariff or service contract. . . Full freights to destination and other monies due hereunder, shall be considered completely earned on receipt of the Goods by Carrier, even though the Vessel or Goods are damaged or lost or the voyage is frustrated or abandoned, or whether freight is to be prepaid or collected at destination. All sums to be payable to Carrier are due when incurred and shall be paid without offset or deduction, in full, in Unites States currency, or, at Carrier's option, in its equivalent in the currency of the port of loading or the port of discharge, or as specified in applicable tariffs. Merchant shall be jointly and severally liable to Carrier for the performance of the obligations hereunder, including payment of all freight, demurrage, General Average and other charges, including but not limited to court costs, expenses and reasonable attorney's fees incurred in collecting sums due Carrier. Payment of ocean freight and charges to a freight forwarder, broker or anyone other than Carrier or its authorized agent, shall not be deemed payment to Carrier and shall be made a payor's sole risk. Carrier shall have a lien on the Goods for all sums payable to Carrier and for General Average contributions with respect to the Goods as well as Goods previously transported and delivered by Carrier and may,

without notice, enforce this lien by public or private sale of the Goods and other property belonging to Merchant which may be in Carrier's possession. The lien shall survive delivery of the Goods." *Id.*

13.

Pursuant to Paragraph 22 of the Booking Note: "Merchant warrants that he is the owner of and entitled to possession of the Goods or has the authority of the owner and all persons entitled to possession of the Goods to agree to the terms hereof." *Id.*

14.

Pursuant to Paragraph 25 of the Booking Note.: "This bill of lading shall be governed by United States law except as may be otherwise provided for herein." *Id.*

15.

The Cargo was loaded in Houston, Texas on the M/V NOMADIC MILDE, per the Booking Note, between November 7, 2022, and November 10, 2022. The vessel sailed from Houston, Texas on November 10, 2022, and arrived in Altamira, Mexico on November 11, 2022. The Cargo was fumigated, discharged, restamped, and reloaded on the vessel and carried back to Houston, Texas, all as per Booking Note No. 151 and Bills of Lading KOSL151001 and KOSL151002. The Bills of Lading are collectively attached as <u>Exhibit 2</u>. On November 26, 2022, KOSL completed discharging the Cargo in Houston, Texas. KOSL continues to hold the original Bills of Lading.

16.

The Bills of Lading list Thompson Pipe as the Shipper and KOSL as the Carrier. *Id.*

17.

Pursuant to Paragraph 1 of the Bill of Lading: "'Merchant' includes the shipper, the receiver, the consignor, the consignee, the holder of the Bill of Lading, the owner of the cargo and any person entitled to possession of the cargo." *Id.*

18.

Pursuant to Paragraph 10 of the Bill of Lading: "(a) Freight whether paid or not, shall be considered as fully earned upon loading and non-returnable in any event. Unless otherwise specified, freight and/or charged under this Contract are payable by the Merchant to the Carrier on demand, interest at Libor (or its successor) plus 2 per cent, shall run from fourteen days after the date when the freight and charges are payable." *Id.*

19.

Pursuant to Paragraph 11 of the Bill of Lading: "The Carrier shall have a lien on all cargo for any amount due under this contract and the costs of recovering the same and shall be entitled to sell the cargo privately or by auction to satisfy such claims." *Id.*

20.

On information and belief, Thompson Pipe owns the subject Cargo. *See* USDA Emergency Action Notice, wherein Thompson Pipe is listed at the "Owner" of the Cargo, attached as Exhibit 3.[2]

21.

KOSL invoiced Colfletar and Thompson Pipe for the freight, additional charges and detention. The invoices are attached as Exhibit 4. The amount of freight is $650,000 and the

---

[2] Although the USDA Emergency Action Notice requires the re-exportation of the Cargo by December 5, 2022, it is KOSL's understanding that as of the time of the filing of this pleading the Cargo has not been re-exported and is still within the jurisdiction of this Honorable Court.

demurrage and extra expenses incurred in Altamira totaled $95,663.97. *Id.* Accordingly, the total principal amount due and owing to KOSL is $745,663.97. *Id.* KOSL fulfilled all its obligations under the contracts of carriage. On December 9, 2022, counsel for KOSL sent Colfletar and Thompson Pipe a demand letter, wherein KOSL asserted and notified Colfletar and Thompson Pipe of KOSL's lien on the Cargo. A copy of that email correspondence is attached as <u>Exhibit 5</u>. Despite numerous demands for payment, Colfletar and Thompson Pipe have failed and refused to pay KOSL.

22.

Defendants' breaches of the contracts of carriage, which are maritime contracts, entitle KOSL to attach Defendants' Cargo to secure the value of its claim against Defendants pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure. Defendants' breaches of the contracts of carriage give rise to maritime claims, which entitles KOSL to attach the Cargo and other property owned by Defendants, located within this District, pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure.

23.

Maritime law recognizes a lien arising as a matter of law in favor of a carrier against the cargo for unpaid freight and other charges of the contract for carriage. *Lykes Lines Ltd. v. M/V BBC SEALAND*, 398 F.3d 319, 323 (5th Cir. 2005). Further, the terms of the Booking Note (¶¶ 6 and 15) and Bills of Lading (¶ 11) give rise to a maritime lien under the general maritime law and/or other applicable laws of the United States and entitle KOSL to a Warrant of Arrest of the Cargo pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims of the

Federal Rules of Civil Procedure, in the amount of KOSL's claim as set forth herein. *See* Exhibit 1 at ¶ ¶ 6, 15; Exhibit 2 at ¶11.

24.

On information and belief, the premises of this Verified Complaint are true and correct, and within the Admiralty and Maritime jurisdiction of the United States of America and this Honorable Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff King Ocean Services Limited, respectfully prays that:

A. This Verified Complaint be deemed good and sufficient;

B. Process in due form of law, according to the rules of practices of this Honorable Court in cases of admiralty and maritime jurisdiction pursuant to Rules B, C and E of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Action issue against the Cargo, *in rem*, and all persons having or claiming any interest in said Cargo be cited to appear and answer;

C. Process in due form of law, according to the rules of practices of this Honorable Court in cases of admiralty and maritime jurisdiction issue against any subfreights arising out of the Booking Note and Bills of Lading, *in rem*, and all persons having or claiming any interest in said subfreights be cited to appear and answer;

D. The Cargo be condemned and sold to pay the amounts due to KOSL, plus legal and contractual interest (pre-judgment and post-judgment), costs, court costs, Marshal's fees, *custodia legis*, and attorneys' fees as allowed by contract;

E. The Clerk issue a summons directing any person controlling freight and/or subfreights to show cause why is should not be deposited in Court to abide by the judgment;

F. This Honorable Court enter an order directing the clerk to issue a warrant for the arrest of the Cargo under Rule C;

G. Process of maritime attachment under Rule B issue against Defendants, Thompson Pipe and Colfletar, *in personam*, and their property in the district, to-wit: 114 Packages of GRP Pipes and Fittings (978,000.00 Kgs) and 1 Package STC/Work Box (0.907 Kgs), and that Defendants be adjudged liable to KOSL under the contracts of carriage in the full amount of KOSL's claim, plus legal and contractual interest (pre-judgment and post-judgment), costs, court costs, Marshal's fees, *custodia legis*, and attorneys' fees as allowed by contract;

H. The Cargo and all other property of Defendants within this District be attached and/or garnished pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime claims for writ of attachment or garnishment in the full amount of KOSL's claim plus legal and contractual interest (pre-judgment and post-judgment), costs, court costs, Marshal's fees, *custodia legis*, and attorneys' fees as allowed by contract, all pursuant to writ of attachment and/or garnishment as authorized or permitted by the Federal Rules of Civil Procedure and the laws and statutes of the State of Texas;

I. That after further proceedings be had, judgment be entered herein in favor of the KOSL and against the Cargo and subfreights, *in rem*, plus legal and contractual interest (pre-judgment and post-judgment), costs, court costs, Marshal's fees,

9

*custodia legis*, and attorneys' fees as allowed by contract and all such other sums to which plaintiff is entitled;

J. After due proceedings be had, that any and all goods and chattels of Defendants in the hands of third parties be retained within this jurisdiction pending the outcome of this litigation (or pending the issuance of proper and solvent security by Defendants); and

K. That KOSL has such other and further relief as law and justice and equity may allow.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   */s/ Andrew R. Nash*
      Andrew R. Nash
      Texas Bar No. 24083550
      S.D. Tex. ID No. 1690806
      910 Louisiana Street, Suite 4300
      Houston, Texas 77002
      Telephone: (713) 626-1386
      Facsimile: (713) 626-1388
      Email: andy.nash@phelps.com

      **COUNSEL FOR PLAINTIFF
      KING OCEAN SERVICES LIMITED**

OF COUNSEL:
PHELPS DUNBAR LLP

Michael Held (La. Bar 37466)
*To Apply for Admission Pro Hac Vice*
Canal Place | Suite 2000
365 Canal Street
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: michael.held@phelps.com

PD.40627036.1

## VERIFICATION

Pursuant to 28 U.SC. § 1746, I, Andrew R. Nash, declare under the penalty of perjury:

1. I am an attorney at the law firm of Phelps Dunbar LLP, counsel for Plaintiff King Ocean Services Limited ("KOSL") in the above captioned matter.

2. I have read the foregoing Verified Complaint. The facts contained therein are true and correct to the best of my knowledge, information, and belief. The source of this information is communications received from KOSL and its agents. I have been authorized by KOSL to execute this verification on KOSL's behalf. I am making this Verification as attorney for KSL because no officer of KOSL's is located within the jurisdiction of this Court.

I declare under penalty of perjury under the laws of the State of Texas and the United States that the forgoing is true and correct and that this verification was executed at Houston, Texas, on December 11, 2022.

*/s/ Andrew R. Nash*
Andrew R. Nash